FILED

**NOT FOR PUBLICATION**

APR 12 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NOUXAY VIXAYSACK, | No. 07-74388 |
| Petitioner, | Agency No. A070-344-378 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 11, 2011
San Francisco, California

Before: B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

Nouxay Vixaysack, a native and citizen of Laos, petitions for review of the

decision of the Board of Immigration Appeals (BIA) affirming the decision of an

immigration judge (IJ) to deny Vixaysack's application for asylum, withholding of

removal, and protection under the Convention Against Torture. Because the BIA

ignored relevant information from the State Department's profile of asylum claims

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

for Laos, we grant the petition for review and remand to the BIA for further proceedings.

Vixaysack was born in Laos in 1956. During the Vietnam War, Vixaysack's brother-in-law, Sourath Sihanat, worked for American CIA agents and reported movement of the Pathet Lao to American warplanes to assist in bombing campaigns. At that time, Vixaysack lived in the same house as his sister (Sihanat's wife). Sihanat and his wife eventually fled to the United States and are now U.S. citizens. Vixaysack, who was drafted into the Laotian military, deserted the military in 1988, in part because he believed that his coworkers suspected him of being a traitor because he received money from his sister in the United States.

After a year in hiding in Laos, Vixaysack entered the United States in 1990 on a visitor's visa and immediately applied for asylum. He received a Notice to Appear in May 2003, alleging that he had overstayed his non-immigrant visa status. Vixaysack admitted the allegations and removability but requested political asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Sihanat submitted a declaration stating that he was considered an enemy collaborator by the Laotian government and that if Vixaysack returned to Laos he would be in danger as a family member of an enemy collaborator.

After a hearing, the IJ denied Vixaysack's application for relief, concluding that while Vixaysack's beliefs and testimony were sincere, they did not have a reasonable basis in fact and did not establish that Vixaysack had a well-founded fear of future persecution. The BIA agreed with the IJ and dismissed Vixaysack's appeal in a per curiam order.

We have jurisdiction over Vixaysack's petition for review of the BIA's final order of removal under 8 U.S.C. § 1252. Where, as here, "the BIA conducts its own review of the evidence and [applicable] law, our review is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted." *Antonyan v. Holder*, 642 F.3d 1250, 1254 (9th Cir. 2011) (citation and internal quotation marks omitted). Factual findings, including those underlying the BIA's decision that an applicant is not eligible for asylum, withholding of removal, or CAT protection, are reviewed for substantial evidence. *Abufayad v. Holder*, 632 F.3d 623, 629 (9th Cir. 2011); *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006).

In order to be eligible for asylum, an applicant must show a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. *Sharma v. Holder*, 633 F.3d 865, 869 (9th Cir. 2011). Here, the BIA found that Vixaysack's fear of future persecution is

not objectively reasonable. The BIA noted that Vixaysack had not suffered

mistreatment while in the military and that his sister (Sihanat's wife) had recently

visited Laos without any problems. Given that context, the BIA found that it was

appropriate for the IJ to give Sihanat's declaration relatively little weight.

But in making this finding, the BIA ignored highly relevant evidence

contained in the State Department's Profile of Asylum Claims from Laos. The

BIA quoted from that document to support its decision:

> We also note that the Department of State Profile of Asylum Claims from Laos states the following:
>
>> A Lao[] citizen generally can return to Laos without fear of retribution unless his activities o[r] those of his family might cause the government to charge the individual with crimes against the [S]tate. This would involve [the] holding [of] high status in the pre-1975 government . . .
>
> Exh. 8B at 5-6. The respondent has not shown that anyone in his family held high status in the pre-1975 government of Laos or that the current regime suspects that any of his family members held such status.

This quotation, however, omitted the most relevant language from the State

Department Profile. The portion edited in the BIA decision reads in full:

> This would involve the holding of high status in the pre-1975 government *or participation at that time in activities looked upon with particular disfavor by the present regime, such as* close association with Vang Pao, a Hmong leader *who worked with American officials during the war in Vietnam*.

There is no dispute that Sihanat worked with American officials during the war in Vietnam. Thus, rather than supporting the BIA's decision, the State Department profile seems to support Vixaysack's assertion that family members of someone like Sihanat *cannot* "generally . . . return to Laos without fear of retribution."

Given this omission of the most relevant evidence from the State Department report, we cannot find that the BIA's decision was supported by substantial evidence. We remand for the BIA to consider the report in its entirety, and to consider Vixaysack's other evidence, particularly the declaration of Sihanat, in light of that report. The petition for review is GRANTED.[1]

---

[1] We note that Vixaysack recently informed the court that he intends to file a motion to reopen with the BIA based on the approval of an I-130 petition filed on his behalf by his U.S.-citizen wife, whom he married while this appeal was pending. Our disposition of this appeal has no impact on Vixaysack's ability to continue to pursue adjustment of status based on his marriage.